[No. 14340. Department One. January 15, 1918.]

WILLIAM C. RICHARDSON et al., Appellants, v. MARGARET O. HUTCHINSON et al., Respondents.[1]

EXCHANGE OF PROPERTY—RESCISSION—GROUNDS—FRAUD. The expression of positive opinions as to the value of property exchanged is not sufficient ground for a rescission, where the other parties were not warranted in considering the same as warranties, and availed themselves of opportunities to make inquiries and investigations, and the conflicting evidence indicated that the properties exchanged were about equal in value.

Appeal from a judgment of the superior court for King county, Hardin, J., entered February 21, 1917, upon findings in favor of the defendants, dismissing an action for rescission, tried to the court. Affirmed.

*Tom Alderson,* for appellants.
*Hall & Cosgrove,* for respondents.

PARKER, J.—The plaintiffs, William C. Richardson and wife, seek rescission of an exchange of farms made by them with the defendants Hutchinson. Rescission is sought upon

[1]Reported in 169 Pac. 987.

the ground of misrepresentations made by the Hutchinsons inducing the Richardsons to make the exchange. Trial upon the merits in the superior court for King county resulted in findings and judgment in favor of the defendants, denying the relief prayed for by the plaintiffs, from which they have appealed to this court.

In March, 1916, the Richardsons owned a farm in King county which they valued at $11,000. The Hutchinsons then owned certain tracts of irrigated fruit lands used as one farm or ranch, in Chelan county, subject to a contract made by their grantor, one Hubbell, for the sale thereof to one Harwood, upon the purchase price of which contract there was then owing by Harwood to the Hutchinsons, as grantees of Hubbell, the sum of $12,000, payable in installments, drawing interest, extending over a number of years. Harwood was in possession of the land under that contract, which provided, among other things, for the forfeiture of his rights thereunder upon his failure to pay the installments as they became due, the title to the land remaining in Hubbell and in the Hutchinsons, as his grantees, until the full purchase price should be paid.

On March 16, 1916, the Richardsons and Hutchinsons entered into a preliminary agreement looking to an exchange of these farms. The principal desire of the Richardsons was to convert their farm investment into an interest bearing investment, and they entered into the exchange contract more with a view to acquiring the purchase price of the Harwood contract and the interest thereon than with a view to acquiring the land. The titles of the respective parties appearing satisfactory from abstracts furnished by each to the other, the exchange was consummated by the execution and delivery of deeds of conveyance, each to the other. Every condition of the exchange contract was then fulfilled and all were satisfied with their bargains. Thereafter, it becoming apparent that Harwood had decided to forfeit his rights under the contract and make no further payments thereon, the Rich-

ardsons conceived that they had been defrauded by false representations made by the Hutchinsons inducing them to make the exchange, and thereupon brought this action seeking rescission, tendering reconveyance of the Chelan county farm, and demanding of the Hutchinsons reconveyance of the King county farm.

The principal contentions made in appellants' behalf are, in substance, that the Hutchinsons falsely represented to them, (1) that Harwood was able and intended to complete the payment of the purchase price and thereby perfect his title to the Chelan county farm under his contract; (2) that the Harwood contract was good security for the balance to become due upon the Harwood contract, in that the farm was worth an amount equal to such balance; (3) that the fruit trees growing on the farm were in good condition; and (4) that there was sufficient water furnished by the water right owned with the farm to properly irrigate it.

The trial judge became convinced from the evidence that, while the Hutchinsons had expressed to the Richardsons a somewhat positive opinion that Harwood was able and then intended to complete the payment of the purchase price of his contract, such expression was only of an opinion and was made in good faith, and that, before the exchanging of conveyances completing the exchange, the Richardsons had for themselves made inquiry as to Harwood's ability and intention in that respect, and from such inquiry became satisfied relative thereto. We note that this inquiry was made in part by personal conversation with Harwood, and that the Hutchinsons said nothing tending to induce the Richardsons to refrain from making further inquiry had they desired to do so, which they had ample opportunity and time to do before the expiration of the time for completing the exchange as fixed in the preliminary exchange agreement.

The trial judge was also convinced from the evidence that, while the Hutchinsons expressed a somewhat positive opinion that the value of the land was such that it was good security

for the balance of the purchase price, such expression was only one of opinion and not a guaranty in that respect, or so expressed as to warrant the Richardsons in understanding it as a guaranty, nor as to warrant the Richardsons in refraining from making inquiry for themselves as to the value of the land. We note that the Richardsons did cause their daughter, a woman of some experience in both farming and business, to visit the Chelan county farm before the exchange was finally made, at the same time visiting friends in that county, where she had an opportunity to learn of the value of the farm from disinterested people acquainted with land of that nature. We also note in this connection that the trial judge was convinced from the evidence that the King county farm and the Chelan county farm were of substantially equal value.

The trial court also found, in substance, that there was no false representation as to the condition of the fruit trees or the quantity of water available to irrigate the farm, which misled the Richardsons. We note in this connection that the daughter visited the farm with a view of learning of these conditions, and that she seemed well pleased with the situation, so much so that she was led to consider the acquisition of certain adjoining land for herself.

The evidence introduced upon the trial was very voluminous and took a very wide range, indeed, it seems to us much of it has but little bearing upon the legal rights of the parties to this action. It has been well abstracted by counsel for appellants and, even when so condensed, it covers over one hundred pages of typewriting. We have, with great care, read all of it as so abstracted. We think it would be quite unprofitable to analyze in detail here the facts testified to. The evidence is by no means free from conflict. We deem it sufficient to say that we cannot see our way clear to disturb the conclusion reached by the trial court. Indeed, after a reading of the evidence in cold typewriting without seeing and hearing the witnesses, as the trial court had an

opportunity of doing, we are inclined to the conclusion reached by that court.

One or two other contentions are made, but we think they relate to such minor facts claimed to have been misrepresented by the Hutchinsons as not to demand serious consideration here. They may be material viewed as sidelights upon the main contentions above noticed, but are not of controlling force.

The judgment is affirmed.

ELLIS, C. J., MAIN, FULLERTON, and WEBSTER, JJ., concur.